**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS, BOSTON DIVISION**

| | |
|---|---|
| YVONNE LESTER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>EVERQUOTE, INC., f/k/a AdHarmonics, Inc., A Delaware Corporation,<br><br>　　　　　Defendant. | Case No.: 1:16-cv-10651 |

**JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND L.R. 16.1(d)**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(d), Plaintiff Yvonne Lester ("Plaintiff") and Defendant Everquote, Inc. ("Defendant" or "EverQuote") submit this Joint Statement concerning those matters discussed during the parties' initial Rule 26(f) case management conference.

## I.   SUMMARY OF THE CLAIMS AND STATUS OF THE LITIGATION

Plaintiff alleges that Defendant EverQuote sent (or had sent on its behalf) thousands of unsolicited text messages to consumers in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). By way of example, Plaintiff alleges that EverQuote sent (or had sent on its behalf) text messages to putative class members containing a link to "http://auto-conx.net," which directed them to websites owned and/or operated by EverQuote—all without ever obtaining the recipients' prior express consent.  Defendant contends that it cannot be held liable for the text messages at issue because it did not send them on its own, does not allow for text message advertisements in its contracts with vendors, and therefore cannot be liable whatsoever.

The Parties agreed to two extensions to the time for EverQuote to respond to the Complaint to allow for the informal exchange of information in hopes of clarifying their respective positions on these issues—particularly, EverQuote's position that it has never sent text messages in the course of its business. On June 29, 2016, EverQuote filed an answer to the Complaint denying the merits of all allegations.

Between April and August 2016, EverQuote: (1) provided Plaintiff with a declaration from its Director of Media Strategy and Analytics stating that EverQuote has never sent text messages to consumers or entered into any contracts authorizing a third-party vendor to send marketing text messages; (2) provided Plaintiff with copies of EverQuote's contracts with some third-party vendors which explicitly prohibit the transmission of text messages, and communications with such vendors; and (3) made its General Counsel available via telephone to answer questions from Plaintiff's counsel regarding its marketing practices and vendor relationships.

The Parties had numerous subsequent discussions regarding the information provided and the remaining unanswered (at least, in Plaintiff's view) questions. Defendant asked Plaintiff to voluntarily dismiss the case based on the evidence provided. Plaintiff has declined to dismiss the case because, in her view, there are numerous material questions relating to the text messages that remain unanswered. From Plaintiff's perspective, Defendant has been unable to identify with certainty the entity responsible for sending the alleged text message. Plaintiff alleges the link to "http://auto-conx.net," in the text message she received directed to EverQuote's website, and asked Defendant to provide an explanation as to why. Defendant's position is that it has explained that the domain name "http://auto-conx.net" is not registered to EverQuote and that when EverQuote's counsel checked that link, it directed to "duckduckgo.com," not any website

registered to EverQuote. Plaintiff has explained that the link did, in fact, previously direct to an EverQuote website and has asked EverQuote, among other things, whether it paid for any leads as a result of individuals being directed to its websites via "http://auto-conx.net." EverQuote's General Counsel informed Plaintiff's counsel that EverQuote has never paid for any leads directed to its websites via "http://auto-conx.net." (Plaintiff's counsel does not believe such a confirmation was provided, but would be happy to receive it in an affidavit or some other form.)

In any event, rather than continue the back-and-forth between the Parties—which, in Plaintiff's view, ultimately became less productive—and to avoid otherwise unnecessary briefing, discovery and litigation between them, Plaintiff proposed a brief initial phase of third-party discovery wherein Plaintiff would seek to determine who sent the text messages and the circumstances surrounding their transmission. Plaintiff indicated that Defendant would of course be free to participate in that discovery as much or as little as it likes. Defendant believes the discovery Plaintiff proposes will unnecessarily extend the period of time Defendant must remain named in this lawsuit. Instead, and because Plaintiff will not voluntarily dismiss the lawsuit (again, because she believes that material questions remain unanswered), EverQuote believes that the most efficient way forward is to file a motion for summary judgment and has categorically rejected the idea of proceeding with a limited period of third-party discovery. Plaintiff's view is that discovery will be necessary prior to the Parties actually completing summary judgment briefing in any event.

Defendant represents that it has prepared and will file (as soon as this Court is prepared to hear and consider it) a motion for summary judgment on the grounds that it is not directly or vicariously liable for transmission of the alleged text message.

## II.   PROPOSED PRETRIAL SCHEDULE

| Event | Defendant's Proposed Deadline | Plaintiff's Proposed Deadline |
|---|---|---|
| *Initial Disclosures* | October 14, 2016 | |
| *Deadline to Complete Third-Party Discovery to Identify the Relevant Marketer* | Defendant does not believe discovery is necessary. | December 19, 2016 |
| *Deadline to Amend Pleadings or Join Additional Parties* | October 14, 2016 | December 19, 2016 (If no initial phase of discovery) |
| *Deadline to Complete Fact Discovery (Both Class and Merits)* | Defendant does not believe discovery is necessary. | April 19, 2017 (If no initial phase of discovery) |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Class Certification* | Defendant does not believe discovery is necessary. | May 19, 2017 (If no initial phase of discovery) |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Class Certification* | Defendant does not believe discovery is necessary. | June 19, 2017 (If no initial phase of discovery) |
| *Deadline for Completion of Expert Discovery Relating to Class Certification* | Defendant does not believe discovery is necessary. | July 19, 2017 (If no initial phase of discovery) |
| *Plaintiff's Deadline to File a Motion for Class Certification* | Defendant does not believe discovery is necessary. | August 21, 2017 (If no initial phase of discovery) |
| *Defendant's Deadline to File an Opposition to Plaintiff's Motion for Class Certification* | Defendant does not believe discovery is necessary. | September 19, 2017 (If no initial phase of discovery) |
| *Plaintiff's Deadline to File a Reply in Support* | Defendant does not believe discovery is | October 10, 2017 |

4

| | | |
|---|---|---|
| *of Class Certification* | necessary. | (If no initial phase of discovery) |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Merits Issues* | Defendant does not believe discovery is necessary. | Four (4) weeks following the Court's Order on class certification<br><br>(If no initial phase of discovery) |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Merits Issues* | Defendant does not believe discovery is necessary. | Eight (8) weeks following the Court's Order on class certification<br><br>(If no initial phase of discovery) |
| *Deadline for Completion of Expert Discovery Relating to the Merits* | Defendant does not believe discovery is necessary. | Twelve (12) weeks following the Court's Order on class certification<br><br>(If no initial phase of discovery) |
| *Dispositive Motion Deadline* | October 18, 2016 | Sixteen (16) weeks following the court's order on class certification<br><br>(If no initial phase of discovery) |
| *Final Pretrial Conference* | At the Court's convenience. Parties shall prepare a pretrial memorandum seven days prior to the date of the conference in accordance with L.R. 16.5(d). | |
| *Trial Date* | At the Court's convenience. | |

## III.  SCOPE OF DISCOVERY

Defendant's Position: Defendant does not anticipate needing discovery.

Plaintiff's Position: Plaintiff anticipates taking discovery on the categories described in detail in Section IV.A below.

## IV.  JOINT DISCOVERY PLAN

### A. Phased Discovery

Defendant's Position: Defendant does not anticipate needing discovery.

Plaintiff's Position: Defendant contends that it cannot be held liable for the text messages at issue because it supposedly did not send them on its own, does not allow for text message

5

advertisements in its contracts with vendors, and therefore cannot be liable whatsoever. Despite this argument and the fact that the link within the text messages previously redirected to websites owned by EverQuote, Defendant has been (and claims to be) unable to identify with certainty the entity responsible for sending the messages. (Defendant has suggested Click Cash Management ("Click Cash"), who at the time had subcontracted with Defendant's vendor Flex Marketing Group, LLC ("Flex Marketing"), but cannot say for certain.) Defendant has also refused to discuss the issue with its vendor or, again, to allow Plaintiff to take limited third-party discovery on these issues. Plaintiff proposes that discovery take place in two phases. The first phase would be focused on a limited period (no longer than 75 days) for third-party discovery regarding the identity of the text message sender and related issues. That way, neither the Parties nor the Court would need to incur the significant time and expense of proceeding on summary judgment briefing and discovery. EverQuote has consistently declined. This limited discovery into third parties, including Click Cash and Flex Marketing, would primarily include:

1. Whether Click Cash (or some other third-party) sent the text messages at issue. (*Defendant believes that it could have been Click Cash, but asserts that it has no way of knowing for sure.*)

2. If Click Cash (or some other third-party) did send the text messages at issue, whether the http://auto-conx.net link automatically redirected to one of EverQuote's websites during the months of December 2015 and January 2016. (*Defendant has stated that it does not own auto-conx.net or know who used it, but it believes it could have been Click Cash who used it given Plaintiff's allegation that the link routed to websites that were owned by EverQuote.*)

3. If during the time Plaintiff received the text messages, EverQuote paid Flex Marketing for leads under their contract. (*EverQuote asserts that it cannot be held vicariously liable for the text messages. Plaintiff contends that if EverQuote was under contract with Flex Marketing, it paid for its leads, which could have been generated by Click Cash (or some other third-party) through text messages.*)

4. If EverQuote did pay Flex Marketing for leads, how EverQuote determined where and how the leads were generated. (*EverQuote claims that it does track leads but*

6

> *that it cannot determine whether the leads were generated through a text message or email.)*

The second phase would be class and merits-related discovery from EverQuote and any future named-defendants.[1]

### B. Discovery Limitations

The Parties believe that the scope of discovery shall conform to the limitations provided under the Federal Rules of Civil Procedure and Local Rule 26.1. Plaintiff reserves her right to seek additional discovery or further limits to discovery as issues arise.

### C. Issues for Early Resolution

Defendant's Position: Defendant believes this case is ripe for early resolution via a pre-discovery motion for summary judgment, on the grounds that Defendant is neither directly nor vicariously liable for the alleged TCPA violation. Defendant proposes the following briefing schedule for the motion for summary judgment:

---

[1] For the second phase of discovery, Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (1) any contracts EverQuote has with the relevant marketer(s); (2) the total number and identity of individuals to whom Defendant and/or its agents sent the unauthorized text messages at issue; (3) the total number of text messages Defendant and/or its agents sent to those individuals; (4) the methods by which Defendant and/or its agents obtained the telephone numbers to which the text messages were sent; (5) the equipment Defendant and/or its agents used to send the text messages; (6) policies or procedures maintained by Defendant and/or its agents related to the sending of the text messages; (7) records of consent to send the text messages (if any); (8) records of individuals' request(s) that Defendant and/or its agents cease sending such text messages; (9) policies and/or procedures maintained by Defendant and/or its agents related to obtaining consent of individuals to be texted and/or otherwise complying with the TCPA; and (10) communications between Defendant and its agents related to the sending of the text messages.

| Event | Proposed Deadline |
|---|---|
| *Defendant's Motion for Summary Judgment* | October 18, 2016 |
| *Plaintiff's Opposition to Motion for Summary Judgment* | November 8, 2016 |
| *Defendant's Reply in Support of Motion for Summary Judgment* | November 22, 2016 |

Plaintiff's Position: Plaintiff believes that the most efficient way forward is to allow for a brief phase of third-party discovery, as discussed above. If, however, briefing on Defendant's anticipated motion for summary judgment proceeds, Plaintiff respectfully requests leave to take discovery on the issues raised in the motion.

**D. Electronically Stored Information**

Defendant's Position: Defendant does not anticipate requesting any electronically stored information ("ESI").

Plaintiff's Position: Plaintiff has offered to provide Defendant a proposed electronically stored information ("ESI") protocol governing: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced; (3) the formats for preservation and production of ESI; (4) the protection of confidential and proprietary information; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; (6) the designation and roles of ESI liaisons, and (7) any other relevant ESI issues that may arise.

**V.    SETTLEMENT**

Defendant's Position: Defendant is not open to settlement discussion.

Plaintiff's Position: Plaintiff does not view settlement as plausible at this time given Defendant's stated-positions. Plaintiff would otherwise be willing to discuss potential resolution at a conference to be presided over by the Court or a private mediator.

## VI. MEDIATION

Defendant's Position: Defendant does not request mediation.

Plaintiff's Position: Plaintiff remains willing to discuss potential resolution, as described above.

## VII. TRIAL BY MAGISTRATE JUDGE

The Parties do not consent to trial before a United States Magistrate Judge.

## VIII. CERTIFICATION

The certifications required by Local Rule 16.1(d)(3) for both parties will be filed concurrently with this Joint Statement.

Respectfully submitted,

Dated: September 29, 2016

**Counsel for EVERQUOTE, INC., f/k/a AdHarmonics, Inc.**

*/s/ Mathilda S. McGee-Tubb*

Mathilda S. McGee-Tubb (BBO#687434)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel: 617.542.6000
Fax: 617.542.2241
MSMcGee-Tubb@mintz.com

        Joshua Briones*
        E. Crystal Lopez (Admitted *pro hac vice*)
        MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
        2029 Century Park East, Suite 1370
        Los Angeles, CA 90067
        Tel:  310.586.3200
        Fax:  310.586.3202
        JBriones@mintz.com
        ECLopez@mintz.com

\* *Pro hac vice* application to be filed.


**YVONNE LESTER**, individually and on behalf of all others similarly situated,

Dated: September 29, 2016    By: */s/ Benjamin H. Richman*
        One of Plaintiff's Attorneys

Benjamin Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Courtney C. Booth (Admitted *Pro Hac Vice*)
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Erica C. Mirabella
erica@mirabellaLLC.com
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel: 617.580.8270
Fax: 617.583.1905
erica@mirabellaLLC.com

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing was filed electronically via the Court's CM/ECF system on September 29, 2016, which thereafter provided notice and service to all parties. Parties may access this pleading through the Court's electronic docketing system.

          By: */s/ Mathilda S. McGee-Tubb*